Lawrence E. WHEELER, Appellant,

v.

Carolyn WHEELER, Appellee.

Court of Appeals of Kentucky.

Feb. 23, 1979.

Rehearing Denied April 6, 1979.

Glen S. Bagby, Lexington, for appellant.

Darrell B. Hancock, Lexington, for appellee.

Before HOWARD, VANCE and WINTERSHEIMER, JJ.

VANCE, Judge.

This is the second appeal in this case. In an unreported opinion, 567 S.W.2d 322, this Court reversed the allowance of maintenance to the appellee in the amount of $350.00 per month because the trial judge failed to make findings as to the reasonable standard of living for the wife, the amount of income that would be produced by property assigned to her as marital property and the earning potential of the wife. The case was remanded for additional findings and the entry of a new judgment.

On remand the trial judge found that the appellee would require $720.00 per month for a reasonable standard of living, that property set aside to her could be expected to produce $240.00 per month, that her earning potential was $300.00 per month, that she required maintenance from appellant of $180.00 per month to meet her reasonable needs and that appellant was able to pay that amount. Maintenance in the amount of $180.00 per month was adjudged.

Appellee testified that her present expenses amounted to $587.81 per month. The trial judge accepted all these expenses as reasonable and further found that reasonable livelihood according to the standard she had enjoyed during the marriage would require, in addition to her then current expenses, an additional amount of $40.00 per month for lunches, $20.00 per month for electricity and $80.00 per month to replace her automobile.

■ Appellant contends correctly that no evidence was presented to justify these additional allowances and further contends the trial judge had no authority to take judicial notice of these additional expenses.

The trial judge was directed to make a finding as to the reasonable requirements of appellee and in so doing he was not bound by her testimony as to the amount of her current cash outlay for expenses. Her standard of living had provided her with the use of a car. The appellee was awarded a car in the division of marital assets and common knowledge dictates that eventually the car will wear out and have to be replaced. The fact that appellee overlooked this does not mean that the trial judge must not consider it. We are not persuaded that his allowance for this item is clearly erroneous. The appellant does not argue that these allowances were excessive in fact but only that there was no evidence to justify them, but under the particular circumstances of this case we feel that the trial court could make such a determination.

■ We also find no error in the determination that the earning potential of the wife is $300.00 per month or that her marital property can be expected to produce $240.00 per month. This income was computed on the basis of investment for a 6% return. The wife was not shown to have any particular expertise in financial matters and the failure to find that she could reasonably expect a higher return is not clearly erroneous.

■ No contention is made that the appellant is unable to pay the award, and the fact that the award will provide substantially the same spendable income for both the appellant and appellee is, in itself, no reason to reverse the award.

The future earning capacity of the parties is not capable of exact determination, and if changes occur that render the award unfair it may be amended upon proper application.

During the pendency of the appeal the appellant paid appellee $350.00 per month as required by the judgment. This was $170.00 per month more than the amount which the trial court has now determined to be reasonable and which should have been adjudged in the original judgment. Appellant's motion for credit for this overpayment was denied. We think the denial was erroneous.

The order for temporary maintenance expired when a permanent judgment for maintenance was entered. That judgment was reversed and a new judgment for a lesser amount was entered. The new judgment must be substituted and be effective as of the date of the original judgment as the amount which appellee was entitled to receive, and appellee must account to appellant for the overpayment. This does not mean, however, that appellant can be excused from paying any maintenance until he has received full credit for the overpayment. The trial court can apportion the credit over a reasonable period of time, and appellant's monthly payments can be reduced in the reasonable discretion of the trial judge over a period of months to insure that appellant will receive full credit for the overpayment.

The case is remanded to circuit court for the entry of a new judgment in conformity with this opinion.

All concur.